UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA MARIE LESPERANCE,<br><br>              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,<br><br>              Defendant. | Case No.: 3:20-cv-02506-BEN-NLS<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[ECF No. 7] |

      On October 6, 2021, Defendant Kikolo Kijakazi ("Defendant") filed a motion to dismiss Plaintiff Gina Marie Lesperance's ("Plaintiff") complaint because Plaintiff's complaint was not timely. ECF No. 7. The motion was set for hearing on November 2, 2021, which meant Plaintiff's opposition was due on October 19, 2021. To date, no opposition has been field. Having considered Defendant's motion and Plaintiff's failure to oppose, which the Court construes as consent to grant the motion's request, the Court hereby GRANTS Defendant's unopposed motion to dismiss.

      Southern District of California Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Moreover, Local Rule 7.1.f.3.a states that any party choosing not to oppose a motion must file a written statement that he does not oppose the motion or

otherwise request for ruling by the court. "If an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." *See* Local Rule 7.1.f.3.c.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers). Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id*. (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, Plaintiff, who is represented by counsel, has had adequate time to prepare a written opposition to Defendant's motion, but failed to do so. *See Holt v. I.R.S.,* 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences for failing to file an opposition). Plaintiff's failure to comply with filing deadlines favors granting Defendant's motion to dismiss in the interest of expeditious resolution. Dismissal is also appropriate as significant delay in resolution of this matter prejudices Defendant.

While public policy generally favors disposition of cases on the merits, the Court finds the fourth *Ghazali* factor weighs in favor of dismissal as Plaintiff failed to defend this motion to dismiss in any manner and offered no justification for failing to do so. Finally, with respect to less drastic measures, the Court will dismiss the case without prejudice. Accordingly, the Court finds the factors weigh in favor of granting Defendant's unopposed motion to dismiss.

## CONCLUSION

For the reasons set forth above, this Court orders:

1. Defendant's unopposed motion to dismiss is GRANTED.

2. Plaintiff's complaint is dismissed without prejudice.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: December 27, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge